JOHN J. RYAN vs. CITY OF LEWISTON.

Androscoggin.     Opinion December 20, 1893.

*Office. City Council of Lewiston. Fire Department. Spec. Act, 1891, c. 51.*

Membership in the city council of the city of Lewiston is not a statute cause for the removal of a permanent assistant engineer in the Lewiston fire department by the board of fire commissioners.

Such membership is not incompatible with the office of permanent assistant engineer.

ON EXCEPTIONS.

The case is stated in the opinion.

*Frank L. Noble*, for plaintiff.

*F. A. Morey*, city solicitor, for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

EMERY, J.     This is an action of assumpsit in which the plaintiff seeks to recover his salary as assistant engineer of Lewiston subsequent to June 9, 1892.

The plaintiff was legally appointed permanent assistant engineer in the Lewiston Fire Department by the Board of Fire Commissioners of said city, December 12, 1891. He was elected a member of the City Council of Lewiston at the municipal

election in the spring of 1892. While he was such member of the City Council, the Board of Fire Commissioners undertook to remove him from his office of assistant engineer, June 9, 1892. No cause for such attempted removal is stated, but inferentially it was the supposed incompatibility of the two offices. The question presented is, whether the plaintiff lost his office of permanent assistant engineer, on or before June 9, 1892.

I.  The statute under which the Fire Commissioners assumed to act (special acts of 1891, chap. 51) forbade the removal of the permanent assistant engineer "unless for inefficiency or other causes detrimental to the [fire] department." It is not stated in the case how the plaintiff's membership of the City Council made him inefficient as an engineer, nor how it was detrimental to the fire department. There is nothing in the nature of the offices to indicate such a result as probable. We do not see how it would ensue. We must, therefore, hold that the mere fact of the plaintiff's membership in the City Council does not constitute a statute cause for his removal from the office of assistant engineer, and hence that the attempted removal was ineffectual. The power of the court to determine the sufficiency of alleged causes for removal from office is well settled. *Andrews* v. *King*, 77 Maine, 239, and cases there cited.

II.  It is urged that by accepting the office of councilman, the plaintiff vacated the office of assistant engineer, the two offices being incompatible. No statute is cited declaring them to be incompatible. The defendant, however, cites the following city ordinance of Lewiston, Chap. 26, § 1.

"No person, while a member of the City Council of Lewiston, shall be eligible to or allowed to hold any salaried office under the City Council, or either board of said Council."

Waiving the question whether the City Council has the power to effectually ordain who shall be eligible, or ineligible to any city office, it is not at all clear that the assistant engineer holds that office under the City Council. The Council did not create the office ; nor did it appoint him to the office ; nor can it remove him from the office. These powers are vested in the Fire Commissioners. The City Council can fix the salary upon the

recommendation of the Fire Commissioners but can do nothing more. The legislature fixes the salaries of all the State officers, but very few of them hold their office under the legislature.

The presiding justice ruled that the plaintiff had neither vacated, nor been removed from his office of assistant engineer. This ruling was obviously correct.

*Exceptions overruled.*